**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| JOSHUA WILLIAMS, *et al.*, | : | Case No. 3:26-cv-00141 |
| | : | |
| Plaintiffs, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| KARL KEITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION;**
**ORDER FOR AMENDED APPLICATION TO PROCEED**
***IN FORMA PAUPERIS***

Joshua Williams recently submitted a Complaint and related documents on behalf of himself and an entity named Holy Nation Congregations of God. (Doc. No. 1.) Plaintiff Williams appears to allege, among other things, that a tax foreclosure case was improperly instituted and handled in state court. (Complaint, Doc. No. 1-1 [citing Montgomery County Common Pleas Court Case No. 2025 CV 02868].) Plaintiffs seek recovery of the real estate at issue as well as ten billion dollars in monetary damages. (*Id.* at PageID 13.)

This case has been assigned to District Judge Thomas M. Rose. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01. For the following reasons, the undersigned **RECOMMENDS** that the Court **TERMINATE** Holy Nation

Congregations of God as Plaintiff and party to this case. The undersigned also **ORDERS**

Plaintiff Williams to file an Amended Application to proceed *in forma pauperis*.

**I.     The Court should terminate Holy Nation Congregations of God as a plaintiff**

Plaintiff Holy Nation Congregations of God, a corporation,[1] cannot appear in

federal court without an attorney. *See Doherty v. Am. Motors Corp*., 728 F.2d 334, 340

(6th Cir. 1984) (citations omitted) ("The rule of this circuit is that a corporation cannot

appear in federal court except through an attorney."). It does not appear that Plaintiff

Williams is an attorney. *See Montgomery County Treasurer v. Holy Nation*

*Congregations of God,* Mont. Cty. CCP Case No. 2025 CV 02868, "Entry and Order

Striking Filings by Joshua Williams," (Jan. 28, 2026) ("Joshua Williams is neither an

attorney licensed to practice law in the State of Ohio with authority to represent Holy

Nation Congregation of God nor is he a named party to this action").[2]

"A nonlawyer can't handle a case on behalf of anyone except himself." *4 W. LLC*

*v. Auto-Owners (Mut.) Ins. Co.*, No. 3:22-cv-59, 2023 WL 6977445, at *4 (S.D. Ohio

Oct. 23, 2023) (quoting *Zanecki v. Health Alliance Plan*, 576 Fed. Appx. 594, 595 (6th

Cir. 2014)) (cleaned up). Thus, while Plaintiff Williams may proceed on his *own* behalf,

he may not represent the corporate Plaintiff in this case. His attempt to do so by filing the

Complaint on behalf of Holy Nation Congregations of God is a nullity. *Id*. ("Because

---

[1] *See* Ohio Secretary of State Business Search, "Holy Nation Congregations of God," available at https://businesssearch.ohiosos.gov?=businessDetails/5135553 (last visited June 24, 2026).

[2] *See* Montgomery County Common Pleas Court, Public Records Online v3, available by case number search at https://pro.mcohio.org/ (last visited June 24, 2026). This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[plaintiff] improperly filed the Complaint … on behalf of both himself and [the separate entity], the legal result was a *pro se* complaint for [plaintiff] as an individual and no complaint of record for [the entity].").

The undersigned accordingly **RECOMMENDS** that the Court **TERMINATE** Holy Nation Congregations of God as a Plaintiff and party to this case. Objections may be filed to this recommendation in accordance with the section at the end of this document. If the District Judge agrees with the recommendation, Joshua Williams will be the sole plaintiff going forward.

## II.     Plaintiff Williams must file an Amended IFP Application

Plaintiff Williams has asked to proceed *in forma pauperis* and without prepaying the fees to file this case under 28 U.S.C. § 1915. ("IFP Application," Doc. No. 1 at PageID 1-3.) Upon review, it appears that the IFP Application is incomplete. Plaintiff is therefore **ORDERED** to file an amended application.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total fee amount for a civil action is $405, which consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/ services-forms/fees/district-court-miscellaneous-fee-schedule (last visited April 10, 2026). The fees to file are generally due and paid when the case is opened.

However, a plaintiff "who cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at

3

all." *Crump,* 121 F.4th at 1110 (citing § 1915(a)-(b)). "Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "But a litigant does have an obligation of truthfulness in his filings in this Court, as well as a burden to demonstrate that he should be granted *in forma pauperis* status." *Wright v. Watson*, No. 2:22-cv-4042, 2023 WL 3509656, at *2 (S.D. Ohio May 17, 2023), *report and recommendation adopted*, 2023 WL 4042170 (S.D. Ohio June 16, 2023). "A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form." *West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022).

In this case, Plaintiff provides contradictory answers on his IFP Application. (Doc. No. 1.) He states, under penalty of perjury, that he is employed by two entities: Green Thumb Tec Systems and Holy Nation Congregations of God. (*Id*. at PageID 2.) He states that he earns $1.00 per month from the latter. (*Id*.) He does not disclose his income from Green Thumb Tec Systems, or "any [other] income from a business, profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest or dividends, or any other source." (*Id*.)

Plaintiff states that he has no cash on hand or money in an account. (Doc. No. 1 at PageID 3.) He denies owning any valuable property. (*Id*.) Nevertheless, Plaintiff states that he pays three utility bills in the amounts of $850, $1,000, and $850 per month,

4

respectively, and also makes payments toward an estimated $29,000 student loan. (*Id*. at PageID 3.) Plaintiff further states that he provides shelter, food, and clothes for a dependent nephew. (*Id*. at PageID 2.) It is unclear how Plaintiff supports himself and his nephew and pays these bills with income of only $1 per month and no assets or other money. *See Bey v. Wilmington Sav. Fund Soc'y*, No. 1:25-cv-1299, 2025 U.S. Dist. LEXIS 166393, at *5 (N.D. Ohio Aug. 27, 2025) (denying IFP where a plaintiff "provides no information on how much support he receives from ... other individuals, or how he obtains food, utilities, clothing, transportation, medical care, and other expenses. Gifts and support from others qualifies as income for consideration of an IFP application."). Given this incongruity, the Court cannot determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case.

The Court **ORDERS** Plaintiff to complete <u>fully</u> and <u>accurately</u> an Amended Application to proceed *in forma pauperis* and then submit it to the Court **by July 24, 2026**. If he fails to respond to this order, the undersigned may recommend to the District Judge that his IFP Application be denied, or that the case be dismissed due to failure to comply with a Court order. Further, if the Court determines that Plaintiff has made an "untrue" allegation of poverty in his IFP Applications, the Court will be required to dismiss his case. 28 U.S.C. § 1915(e)(2)(A).

In the alternative, Plaintiff may pay $405 to the Clerk of Court by **July 24, 2026**.

### III.   Conclusion

Because Plaintiff Joshua Williams is not an attorney and cannot represent the corporate Plaintiff in this case, the undersigned Magistrate Judge **RECOMMENDS** that

5

the District Judge **TERMINATE** Holy Nation Congregations of God as a Plaintiff and party to this case.

The undersigned **ORDERS** Plaintiff to file an Amended IFP Application or pay $405 to the Clerk of Court by **July 24, 2026**.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. He may wish to review the resources for *pro se* parties on the Court's website, https://www.ohsd.uscourts.gov/pro-se. He may also find and monitor the status of this case via the federal courts' PACER Case Locator service, https://pcl.uscourts.gov/pcl/index.jsf.

**IT IS SO RECOMMENDED AND ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**DEADLINE TO FILE OBJECTIONS**

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") within fourteen (14) days after being served with a copy. A party may respond to another party's objections within fourteen (14) days after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

6