**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JOSHUA WILLIAMS, | : | |
| Plaintiff, | : | Case No. 3:26-cv-141 |
| v. | : | Judge Thomas M. Rose |
| KARL KEITH, *et al.*, | : | Magistrate Judge Caroline H. Gentry |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING WITHOUT PREJUDICE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. NO. 5) AND EMERGENCY MOTION FOR A STAY PENDING A DECISION ON MOTION TO CORRECT RECORD (DOC. NO. 10); OVERRULING AFFIDAVIT OF TRUTH AND NOTICE OF CONSTITUTIONAL OBJECTION TO ORDER REQUIRING COUNSEL NOTICE OF CLARIFICATION OF PARTIES AND MOTION TO AMEND (DOC. NO. 4); AND, DENYING MOTION FOR LEAVE TO FILE OUT OF TIME (DOC. NO. 6)**

---

Presently before the Court are several motions filed by Plaintiff Joshua Williams ("Williams"). First, Williams has filed an Affidavit of Truth and Notice of Constitutional Objection to Order Requiring Counsel Notice of Clarification of Parties and Motion to Amend ("Objection") (Doc. No. 4). Therein, Williams objects to the Court's previous ruling that he may not represent Holy Nation Congregation of God *pro se*; a finding the Court adopted when Williams failed to object to Magistrate Judge Gentry's Report and Recommendation (Doc. No. 2). (Doc. No. 4 at PageID 66-67.) Williams further uses his Objection to request leave to amend his Complaint (Doc. No. 13). (Doc. No. 4 at PageID 68.) Second, along with his Objection, Williams has filed a Motion for Leave to File Out of Time (Doc. No. 6), so that his Objection may be

considered timely. Third, Williams has submitted his Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Doc. No. 5). In his TRO Motion, Williams sought to stop the foreclosure sale of property pending a final resolution regarding the propriety of such foreclosure. (*See* Doc. No. 5.) And, finally, Williams has filed an Emergency Motion for a Stay Pending a Decision on Motion to Correct Record ("Motion for Stay") (Doc. No. 10). With this Motion for Stay, Williams petitions for a stay of the property foreclosure that supposedly took place on August 6, 2026. (*See* Doc. No. 10.) For the reasons that follow, the Court **DENIES** each of Williams' Motions here.

The Court begins with Williams' Objection. So long as notice is provided with a magistrate judge's report and recommendation, a party's failure to object to an issue addressed in the report and recommendation will waive the issue entirely. *See Shaw v. Linderman*, No. 25-11503, 2026 WL 1806662, at *1 (E.D. Mich. June 23, 2026) (quoting *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025)). Here, Magistrate Judge Gentry recommended dismissing Holy Nation Congregation of God because Williams cannot represent the entity *pro se*. When Magistrate Judge Gentry made this recommendation, she advised Williams that failure to object may waive the issue for him. Nevertheless, Williams failed to object. Therefore, the Court finds that Williams has waived the issue of whether he may represent Holy Nation Congregation of God and the Court **OVERRULES** his Objection to that effect.

Moreover, the Court finds Williams' Motion for Leave to File Out of Time to be poorly founded. Williams does not provide any satisfactory explanation for his failure to timely object to Magistrate Judge Gentry's Report and Recommendation. Rather, he claims that he was busy gathering evidence and was subject to unexplained "logistical constains [sic]." Even if these excuses amounted to good cause—and they most certainly do not—they do not explain why

Williams was unable to timely seek an extension of time to respond to Magistrate Judge Gentry's Report and Recommendation. Accordingly, the Court **DENIES** Williams' Motion for Leave to File Out of Time.

The Court looks next to Williams' plea to amend his Complaint. The Sixth Circuit has explained that "Fed R. Civ. P. 15 has been construed to establish a liberal policy with respect to amendments of defective pleadings …" *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Still, "[i]n order to be granted leave to amend, a party must provide specific facts to support a claim." *Id.* Here, Williams has offered no facts whatsoever, much less specific ones, justifying his request for leave to amend his Complaint. Thus, Williams' motion for leave to amend is hereby **DENIED**.

Lastly, the Court will consider Williams' TRO Motion and his Motion for Stay. For all intents and purposes, Williams uses both motions to request the same injunctive relief: halt foreclosure of a property placed at issue by this litigation. Generally, under Fed. R. Civ. P. 65(b)(1)(B), a court may only issue a temporary restraining order without notice to the adverse party only if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." What is more, by this Court's local rules, a motion for a temporary restraining order must be accompanied by a certificate or other sufficient proof that "reasonable efforts to accomplish the service of the motion and other filings have been made," and an affidavit explaining "why such service cannot or need not be made or be required." S.D. Ohio Civ. R. 65.1(b). At bar, Williams has given no indication at all that he made any effort to notify the named Defendants of this case, at any time. He definitely has not demonstrated any good reason why notice and service may be appropriately disregarded. In all, Williams has not complied with the Federal Rules of Civil Procedure or the rules of this Court. The Court will not begin to approach

the idea of issuing Williams the injunctive relief he seeks unless and until he moves for such relief in compliance with applicable rules. *See Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 2013)) ("*Pro se* litigants … are not exempt from the requirements of the Federal Rules of Civil Procedure"). Consequently, and because both motions seek the same relief, the Court **DENIES WITHOUT PREJUDICE** Williams' TRO Motion and his Motion for Stay

In total, based on the foregoing rationale, the Court hereby **DENIES WITHOUT PREJUDICE** Williams' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 5), as well as Williams' Emergency Motion for a Stay Pending a Decision on Motion to Correct Record (Doc. No. 10). The Court further **OVERRULES** Williams' Affidavit of Truth and Notice of Constitutional Objection to Order Requiring Counsel Notice of Clarification of Parties and Motion to Amend (Doc. No. 4), and, **DENIES** Williams' Motion for Leave to File Out of Time (Doc. No. 6).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 19, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE